## Langan v. City of Scranton

*Thomas W. Jennings*, for plaintiffs.
*Edmund J. Scacchitti*, for defendants.

KOSIK, *P.J.*, July 15, 1982—This matter is before the court on plaintiffs' complaint in mandamus challenging the removal or demotion of firefighters employed by the City of Scranton.

Plaintiffs instituted this action in mandamus on February 9, 1982. The complaint alleges that plaintiffs, firefighters, were removed or demoted in contravention of the Second Class A City Code, 53 P.S. §30471. Plaintiffs are requesting an order directing defendants to reinstate plaintiffs to their previous positions with the Fire Bureau of the City of Scranton. Plaintiffs are further requesting that defendant City of Scranton be ordered to pay plaintiffs back pay and all other benefits for any and all time lost from employment, that defendants' conduct be declared in bad faith, and that plaintiffs be awarded costs, including reasonable attorneys' fees.

On March 31, 1982, plaintiffs filed a motion for a preliminary injunction. A rule to show cause was granted upon defendants, with a hearing scheduled for April 5, 1982. An answer to the motion was filed by defendants on April 5, 1982. The record indicates that the parties met in informal conference with the court on April 5, 1982, the scheduled hearing date. As a result of the meeting, the parties agreed to enter into a detailed stipulation of facts with respect to the factual allegations of the complaint. Thus, all remaining questions of fact in dispute between the parties were resolved. Plaintiffs withdrew their request for a preliminary injunction and the stipulation of facts was filed for record on April 22, 1982. An oral argument on the outstanding legal issues was presented before the court en banc on April 23, 1982.

## DISCUSSION AND CONCLUSIONS

We believe that the three appellate court cases cited by plaintiffs are dispositive of the instant action. The Second Class A City Code, Act of April 11, 1931, P.L. 38, 53 P.S. §30471 provides:

No regularly appointed policeman in cities of the second class, and no regularly appointed policeman or fireman in cities of the second class A, shall be removed or dismissed without his written consent, except by the decisions of the court, either of trial or inquiry, duly determined and certified in writing to the mayor, which court shall be composed of three persons belonging to the police or fire force equal or superior in official position therein to the accused. Such decisions shall only be determined by trial of charges, with plain specifications made by or lodged with the director of the department of public safety, of which trial the accused shall have due notice, and at which he shall have the right to be present in person and also by a brother officer to act as his counsel. . . .

The dispositive cases cited by plaintiffs involve the City of Scranton and the application of 53 P.S. §30471 to the conduct of the City of Scranton in involuntarily removing or demoting regularly appointed employees. In all three cases, the city's conduct was determined to be unlawful and violative of 53 P.S. §30471.

Wolkoff v. Owens, 12 Pa. Commw. 74, 314 A. 2d 545 (1974) involved an action in mandamus questioning the propriety of the dismissal of 11 Scranton policeman allegedly made necessary by a lack of funds. In affirming the finding of the lower court that the dismissals were improper and that each policeman should be reinstated with back pay, the court, citing 53 P.S. §30471, held that "[t]he only

legislation which could be applicable is the Second Class A. City Code which, in fact, permits the dismissal of a policeman *only* with his written consent or for cause." [Emphasis added]. Wolkoff, supra, at 80, 548.

"Because the legislature has not prescribed a procedure for the dismissal of policemen in Second Class A cities in the event of reductions in force for economic reasons, and because the written consent which the legislature has required in non-fault dismissals such as that here involved, has not been obtained from the appellees herein, we must affirm the finding of the lower court . . . " Wolkoff, supra, at 81, 548.

The court reaffirmed its findings one year later in Bauer v. Peters, 17 Pa. Commw. 194, 331 A. 2d 245 (1975). Bauer involved an action in mandamus by 12 firemen of the City of Scranton seeking reinstatement to the Bureau of Fire after having been discharged because of insufficient funds. Citing Wolkoff, supra, the court held:

. . . We concluded there that, unless otherwise provided by statute, Second Class A cities are governed only by such laws regulating cities of the Second Class as were in effect on March 9, 1927, the date when the legislation created the classification of cities of the Second Class A. [Citations omitted]. We further held that, because no employee reduction statute applied to Second Class cities at the time when Second Class A cities were provided for, and because no similar statute has since been promulgated for Second Class A cities, the City of Scranton was legally powerless to dismiss the 11 fulltime policemen there concerned according to the provisions applicable in cities of the Second Class where reductions in force are re-

quired for economic reasons. Bauer, supra, at 196-97, 246.

The court went on to hold:

We recognize, of course, the somewhat anomalous situation which results. The legislature has seen fit to provide for employee reduction procedures where economically necessary in cities of the Second Class. It has done the same in regard to cities of the Third Class. It has done the same in regard to cities of the Third Class. It has failed to make any such provision, however, for cities of the Second Class A. We do not know the reason for this statutory omission and may well presume that it resulted from a legislative oversight. This is a situation, however, which this court is powerless to remedy, much as we may regret its existence. If there is to be a correction, it must be a legislative one. . . . Bauer, supra, at 199, 247.

Finally, the most recent case in which the court reaffirmed its position in a situation similar to the instant action is Balcrius v. Hickey, 62 Pa. Commw. 258, 436 A. 2d 246 (1981). In Balcrius, a complaint in mandamus was filed against the Mayor and the City of Scranton alleging, in part, that his promoted position in the Scranton Police Department had been improperly deleted from the budget and that he had sustained an improper reversion to his prior rank. The court in Balcrius, supra, at 262, 248, disagreed with the rationale of the lower court that "the City of Scranton, as a home rule city, is no longer governed by state legislation otherwise applicable to Second Class A cities and may exercise any power or perform any function not denied by the Commonwealth's Constitution, by the City's Home Rule Charter, or by the General Assembly." The court also disagreed with

the lower court's finding that such powers necessarily included the power to effect a reduction in force for economic reasons. The court once again relied on its decision in Wolkoff, supra, in holding that the appellant must be reinstated to his former position of Captain, Uniform Division, Grade 9.

The only distinction which exists between Balcrius, supra, and the instant case is that on February 6, 1980, the Scranton City Council enacted File of the Council No. 10, 1980, which was approved by the Mayor on February 8, 1980. This ordinance, enacted under the Home Rule Charter, provided a procedure for reduction of employees of the Bureau of Fire in the City of Scranton for economic reasons. In the instant case, the stipulated facts show that each of plaintiffs were regularly appointed to their positions of employment as full-time firefighters with the Fire Department of the City of Scranton. Further, each of plaintiffs was individually notified by letter from the City's Director of the Department of Public Safety that he was to be removed or demoted from his position of employment. None of the plaintiffs had consented to his removal or demotion, nor had any plaintiff engaged in any misconduct which would justify his removal or demotion.

Applying these facts to the law as enunciated by the Commonwealth Court, we must conclude that the city's action in removing or demoting plaintiffs, firefighters, was unlawful and violative of 53 P.S. §30471. We do not believe that the fact that Scranton is currently a home rule charter community[1] in any way affects the applicability of 53 P.S. §30471.

_____

, 1. The City of Scranton became a Home Rule Charter community on January 5, 1976. Act of April 13, 1972, P.L. 184, 53 P.S. §1-101 et seq.

The City of Scranton exceeded its authority when it enacted Ordinance, File of Council No. 10, 1980. Article III, General Powers and Limitations of a Home Rule Charter Municipality, Section 1-302(b)(v), Limitation on Municipal Powers[2], provides: "(b) no municipality shall . . . (v) enact any provision inconsistent with any statute heretofore enacted by the General Assembly affecting the rights, benefits or working conditions of any employee of a political subdivision of the Commonwealth." Further, the appellate courts have consistently held that the legislature has chosen to regulate the removal or dismissal of regularly appointed policemen and firemen in cities of the Second Class A. As a consequence of the legislature's decision, the courts are without any power to correct the existing situation. Any correction must be legislative in nature, and an act of the General Assembly. Accordingly, we find that the removals or demotions of plaintiffs are improper and that each plaintiff should be reinstated to his previous position with the Fire Bureau of the City of Scranton with back pay and all other benefits for time lost from employment.

Further, we will deny plaintiffs' requested relief that defendants' conduct be declared in bad faith and that plaintiffs be awarded costs, including reasonable attorneys' fees. Defendants have relief on the dissenting opinion filed by Judge Blatt in Balcrius v. Hickey, supra, to support their position. While we do not agree with defendants' position, we do not believe that the argument is so completely without merit as to indicate bad faith on the part of defendants. In light of Judge Blatt's dissent in Balcrius, we cannot make a finding of bad faith on the

2. Act of April 13, 1972, P.L. 62, §302, 53 P.S. §1-302.

part of defendants. Thus, plaintiffs' request for costs, including reasonable attorneys' fees, will be denied.

## ORDER

Now, July 15, 1982, it is hereby ordered that:

(1) Plaintiffs herein be reinstated to their previous positions with the Fire Bureau of the City of Scranton with back pay and all other benefits for time lost from employment from the date of dismissal or demotion to the date of reinstatement, retirement or death, whichever in each case is first; and,

(2) Plaintiffs' request for costs, including reasonable attorneys' fees, is denied.